**DeNITTIS OSEFCHEN, P.C.**
Stephen P. DeNittis, Esq.
525 Route 73 North, Suite
410 Marlton, New Jersey 08053
(856) 797-9951
sdenittis@denittislaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ACKERMAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| v. | **PUTATIVE CLASS ACTION** |
| AMERICAN GREETINGS CORPORATION and AG INTERACTIVE, INC. | |
| Defendants. | |

## INTRODUCTION

1.     Plaintiff Michael Ackerman ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AMERICAN GREETINGS CORPORATION and its wholly owned subsidiary AG INTERACTIVE, INC.   (collectively referred to herein as "AG" or "Defendant"), in transmitting unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.     The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132

1

S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that **"[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."** TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> **"[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion."**

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that **"the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...."** Id. at §§ 12-13.

5.      The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6.      Congress recognized that not only can unsolicited calls be a nuisance but may also cause the receiver of the unsolicited messages to incur actual out of pocket losses in the form of paper and toner for unsolicited faxes.

7.      With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cell phones.

8.      Persons, like Plaintiff herein, have no control to stop unsolicited unwanted text messages to their cell phones.

2

9.    Every transmission of a text uses data and the longer the text message the more data is used.

10.    Once an unsolicited text message is received, not only is it a nuisance to the receiver, but as importantly, that receiver is forced to incur unwanted  message and/or data charges from their cell phone carrier.

11.    As set forth herein, that is exactly what occurred to plaintiff and other members of the putative class.

12.    Plaintiff and the members of the proposed class received unsolicited sales text messages and incurred additional message and/or data charges to their cell phone accounts all because BMA wished to advertise and market its products and services for its own benefit.

## JURISDICTION AND VENUE

13.    This Court has federal question jurisdiction because this case arises out of violations of federal law.

14.    Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in Bergen County, New Jersey.

## PARTIES

15.    Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New Jersey.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

16.    Upon information and belief, American Greetings Corporation  is, and at all times mentioned herein was, a foreign corporation duly organized under the laws of the State of New Jersey,  with its principal Headquarters located  at 1 American Road, Cleveland, Ohio 44144.

3

Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of New Jersey and in Bergen County within this judicial district.

17.  Upon information and belief, AG Interactive, Inc. is a wholly owned subsidiary of American Greetings Corporation  is, and at all times mentioned herein was, a foreign corporation duly organized under the laws of the State of New Jersey,  with its principal Headquarters located  at 1 American Road, Cleveland, Ohio 44144. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of New Jersey and in Bergen County within this judicial district.

## THE UNIFORM POLICIES OF DEFENDANT
## WHICH GIVE RISE TO THE CAUSE OF ACTION

18.  Founded in 1906, AG operates predominantly in a single industry: the design, manufacturer and sale of everyday and seasonal greeting cards and other social expression products reporting total revenue of $1.97 billion in 2014 alone.

19.  AG Interactive, the wholly owned internet and wireless business unit of AG, holding itself out as a leading provider of electronic greetings and other content for the digital marketplace distributing social expression products, including electronic greetings and a broad range of graphics and digital services and products, through a variety of electronic channels, including websites, internet portals and **electronic mobile devices [emphasis added].**.

20.  It is this distribution of social expression through electronic mobile devices which serves as the basis of this action.

21.  At all times relevant, Plaintiff was a citizen of the State of New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

4

22.    Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

23.    At all times relevant hereto, Defendant conducted business in New Jersey and in Bergen County, within this judicial district.

24.    One of Defendants major internet and wireless brands is BlueMountain.com.

25.    BlueMountain.com  offers its users a free e-card service, which offers its users a free service, that provides free e greeting cards to other people.

26.    At no time did Plaintiffs provide their cellular telephone numbers to Defendants through any medium.

27.    On February 8, 2015, Plaintiff received a text message from Defendants, which was sent to his cellular phone ending in 8025.  The message was sent with a message code 308-90 and indicated as follows:

> **"You received an eCard! Reply CARD to receive cards from BlueMountain.com. Up to 5 msgs/week. Reply HELP for help, STOP to cancel. Msg&Data rates may apply (emphasis added).**

28.    This text message sent to Plaintiff's cellular telephone was sent via an **"automatic telephone dialing system,"** as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A).

29.    Prior to the receipt of the SPAM text message, Plaintiff had not provided his cellular telephone number to Defendants.

30.    The telephone number to which Defendants, or its agent, sent its unsolicited text message relating to the solicitation of visiting bluemountain.com, was assigned to a cellular telephone service for which Plaintiff incurs a charge pursuant to 47 U.S.C. § 227 (b)(1).

5

31.    The unsolicited text message, which was sent to Plaintiff and the class was not sent for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

32.    These unsolicited commercial texts violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action under Fed.R.Civ.P. 23 on behalf of a proposed class defined as:

> **"All persons within the United States who received a text message substantially similar or identical to the text message described in paragraph 23 of the Complaint from Defendants without prior express consent, which messages from Defendant or its agents were not made for emergency purposes, between February 8, 2011 and February 8, 2015, and the filing of the complaint."**

34.    The class  for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

35.    The exact number and identities of the persons who fit within the proposed class are each ascertainable in that Defendants maintains written and electronically stored data showing phone number of every text recipient," records showing all texts sent to such persons by Defendants and all other data needed to identify the class.

36.    The proposed class and sub-class is each composed of over 10,000 persons.

37.    The claims in this action arise exclusively from Defendants' uniform policies as alleged herein, from uniformly-worded form documents prepared by Defendants such as the uniformly-worded texts sent via an "automatic telephone dialing system."

38.    No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendant.

39.    There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

a)    **Whether Defendants' uniform policies and common course of conduct, as alleged herein, violated the TCPA;**

6

b)  **Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;**

c)  **whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief, enjoining Defendant from carrying on the policies alleged herein;**

d)  **Whether the Plaintiff and the class are entitled to any other relief.**

40.    Plaintiff is a member of the class he seeks to represent in that he between February 8, 2011 and the present, received one or more text messages from Defendants.

41.    The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from Defendants' uniform policies and form documents, and are based on the same legal theories of all class members.

42.    Plaintiff has no interest antagonistic to, or in conflict with, the class or sub-class.

43.    Plaintiff will thoroughly and adequately protect the interests of the classes, having retained qualified and competent legal counsel to represent himself and the classes.

44.    Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

45.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

46.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were less than $1500 per person and individual actions to recoup such an amount are not economically feasible.

47.    Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA 47 U.S.C. § 227 ET SEQ.

48.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

50.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.    Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

52.    Plaintiff incorporates by reference all of the above paragraphs of this  Complaint as though fully stated herein.

53.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55.    Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

    A.  Certification of the class and sub-class under Fed.R.Civ.P. 23;

    B.  On the First Count, as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

    C.  On the Second Count, as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    D.  An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(2)(D);

    E.  Attorney's fees and costs; and

    F.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: March 6, 2015                    **DeNITTIS OSEFCHEN, P.C.**

                                By:    *s/ Stephen P. DeNittis, Esq.*
                                       Stephen P. DeNittis, Esq. (SD-0016)
                                       Joseph Osefchen, Esq.
                                       Shane Prince, Esq.
                                       525 Route 73 North, Suite 410
                                       Marlton, New Jersey 08053
                                       (T): (856) 797-9951
                                       sdenittis@denittislaw.com

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: March 6, 2015

                                **DeNITTIS OSEFCHEN, P.C.**

                                By:    *s/ Stephen P. DeNittis, Esq.*
                                       Stephen P. DeNittis, Esq. (SD-0016)
                                       Joseph Osefchen, Esq.
                                       Shane Prince, Esq.
                                       525 Route 73 North, Suite 410
                                       Marlton, New Jersey 08053
                                       (T): (856) 797-9951
                                       sdenittis@denittislaw.com

10