<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ACKERMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICAN GREETINGS CORPORATION, et al.,<br><br>*Defendants.* | Civil Action No. 15-1656<br><br>OPINION |

ARLEO, UNITED STATES DISTRICT JUDGE

**THIS MATTER** comes before the Court on two pending motions. Defendants American Greeting Corp. and AG Interactive, Inc. ("Defendants") filed a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction. Dkt. No. 10. They base the motion on their submission of a Fed. R. Civ. P. Rule 68 offer of judgment to Plaintiff Michael Ackerman ("Plaintiff"), the named plaintiff in this potential class action. Plaintiff, who has neither accepted nor rejected the offer, cross-moves under Fed. R. Civ. P. 12(f) for a motion to strike the offer. Dkt. No. 11. For the reasons set forth below, the motion to dismiss and motion to strike are **DENIED**.

**I.   BACKGROUND**

Plaintiff brings this class action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277 <u>et seq.</u>  The case arises from Defendants' alleged transmission of

1

unsolicited spam text messages to Plaintiff's and the potential putative class members' cell phones from 2011 to 2015. Compl., Dkt. No. 1. For himself and the class, Plaintiff seeks an award of $500.00 in statutory damages for each negligent violation of the Act, $1,500.00 in statutory damages for each knowing or willful violation, an injunction preventing Defendants from violating the Act again, and attorney's fees and costs.

In response, Defendants served Plaintiff with a Rule 68 offer of judgment that would compensate him, only. Dkt. No. 10, Declaration of Daniel M. Goldberg, Ex. A. The offer consisted of a lump sum of $1,500, attorney's fees and costs incurred through the date of the offer, and an agreement that Defendants will not send any unsolicited advertisements to Plaintiff that are in violation of the Act. Defendants then filed this motion to dismiss based on the offer. To date, Plaintiff has neither accepted nor rejected the offer.

## II.   MOTION TO DISMISS

Defendants seeks dismissal of the case for lack of subject matter jurisdiction.[1] They argue that their offer of judgment fully satisfies the lead Plaintiff's claims, and therefore moots both his individual claim and the putative class claim.

Plaintiff argues that Defendants' position is contrary to Third Circuit precedent, which permits the named plaintiff's and putative class' claims to survive a Rule 68 offer of judgment. The Court agrees.

In the traditional non-class action context, courts will deem a plaintiff's claim moot where the defendant furnishes a Rule 68 offer of judgment for the entirety of claim. Weiss v. Regal

---

[1] Because Defendants raise a factual attack of this Court's subject matter jurisdiction, the Court may review evidence outside the pleadings. See United States ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007).

Collections, 385 F.3d 337, 342, 344 (3d Cir. 2004). This is so because mootness principles, derived from Article III of the Constitution, restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies. See Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013). Thus, if the defendant's offer would grant plaintiff everything that he or she asks for, the plaintiff no longer has a personal stake in the outcome of the lawsuit and the action must be dismissed as moot. Id. (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)). Consequently, when the controversy becomes moot, the district court lacks subject-matter jurisdiction. Goodmann v. People's Bank, 209 F. App'x 111, 113 (3d Cir. 2006).

In the pre-certification class action context, however, the Third Circuit applies the mootness rules differently. In Weiss, the court noted that "[a]s sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative." 385 F.3d at 344. Were the same rules to apply, the defendant could strategically serve a "pick off" offer of judgment to the class representative that would render moot the individual and class claims. Id. The Weiss Court therefore adopted a more flexible approach: "[W]here a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint," provided that the plaintiff has not unduly delayed in filing such motion. Id. at 348. "By relating class certification back to the filing of a class complaint, the class representative would retain standing to litigate class certification though his individual claim is moot." Id.

Defendants incorrectly argue that Weiss is limited to the unique facts of that case. Nothing in Weiss suggests that. While the class claim in that case involved the Fair Debt Collection

Practices Act ("FDCPA"), the opinion was directed to "[t]he question of mootness in the class action context," generally. Id. at 342. In fact, several district courts in this Circuit have applied Weiss outside of the FDCPA context. See, e.g., Smith v. Interline Brands, Inc., 87 F. Supp. 3d 701, 702-03 (D.N.J. 2014); Charles v. Lawyers Title Ins. Corp., No. 06-2361, 2007 WL 1959253, at *5 (D.N.J. July 3, 2007); Smith v. NCO Fin. Sys., Inc., 257 F.R.D. 429, 431 (E.D. Pa. 2009); Weitzner v. Sanofi Pasteur, Inc., 7 F. Supp. 3d 460, 463 (M.D. Pa. 2014). Moreover, cases from this district that support Defendants' reading are distinguishable on grounds that are not relevant here. See Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross & Blue Shield of New Jersey, No. 08-6160, 2011 WL 5881924, at *5 (D.N.J. Sept. 16, 2011) (distinguishing Weiss because plaintiff voluntarily settled individual claims); Merrifield v. U.S., No. 07-987, 2011 WL 1205473, at *6 (D.N.J. Mar. 28, 2011) (distinguishing Weiss because plaintiffs were required to present claims to administrative agency before resorting to judicial review).[2]

Defendants' mootness argument therefore has no merit. Even assuming that Defendants' offer is in full satisfaction of Plaintiff's claims—a point he contests—it does not vitiate either Plaintiff's or the class' controversy. Plaintiff retains standing in this action until he files the certification motion, at which point the motion will relate back to the filing of the class complaint. Moreover, Defendants do not challenge that any undue delay has occurred yet. Nothing in the record indicates that Plaintiffs have exhausted any reasonable opportunity to compile the record necessary to support the motion for class certification while the parties awaited this Court's

---

[2] To the extent Defendants assert that Weiss was limited to cases involving statutes that include a separate statutory scheme for class action damages, like the FDCPA, the Court disagrees. The court in Weiss noted that the FDCPA's class damages scheme was one of several considerations that supported its holding. 385 F.3d at 345. The court did not suggest that the existence of a separate statutory scheme was a determinative basis for its decision.

4

decision on the instant motions.  See Weitzner, 7 F. Supp. 3d at 465.

Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**.[3]

### III. MOTION TO STRIKE

Plaintiff cross-moves under Rule 12(f) for an order striking Defendants' Rule 68 offer of judgment on the ground that the offer was an improper attempt to "pick off" the named Plaintiff in a manner prohibited by Weiss.  Defendants respond that because motions to strike only apply to pleadings and offers of judgment that are either accepted or offered by a party to prove costs, the Court cannot strike Defendants' unaccepted offer.  Defendants also argue that they can still use the offer of judgment to shift costs onto Plaintiff under Rule 68's cost-shifting scheme.

The Court finds that while the motion to strike does not apply to the offer of judgment in this case, Defendants' offer does not have legal force and therefore cannot be used to shift costs onto Plaintiff.  See McDowall v. Cogan, 216 F.R.D. 46 (E.D.N.Y. 2003).

The motion to strike under Rule 12(f) is inapplicable here.  Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Thus, by its plain language, Rule 12(f) only reaches matter contained in a "pleading."  Rule 7(a) enumerates the pleadings permitted in federal civil practice:

> (a) Pleadings. Only these pleadings are allowed:
>    (1) a complaint;
>    (2) an answer to a complaint;
>    (3) an answer to a counterclaim designated as a counterclaim;
>    (4) an answer to a crossclaim;
>    (5) a third-party complaint;

---

[3] Because the Court determines that the offer of judgment does not moot the claims, it will not reach Plaintiff's arguments that the offer does not accord full relief and that the motion is void because Defendants filed it before the fourteen-day period to accept the offer accrued.

>(6) an answer to a third-party complaint; and
>(7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a). A Rule 68 offer of judgment does not fall into any of these categories. The plain language of Rule 12(f) therefore prohibits the Court from striking the offer.

Courts, however, have permitted motions to strike offers of judgment when the offer was either filed with the Court or offered by a party to prove costs. See McDowall, 216 F.R.D. at 52 (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3002 (2d ed.)); Jacobson v. Persolve, LLC, No. 14-735, 2014 WL 4090809, at *4 (N.D. Cal. Aug. 19, 2014).[4] The offer here was not filed by either party, which renders these bases inapplicable. The Court therefore will not strike the Defendants' offer.

That does not mean that Plaintiff will have to bear the costs typically associated with an offer of judgment. In certain circumstances, Rule 68(d) entitles the offering party to costs if the offeree does not accept the offer. It provides, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Although this cost shifting scheme creates tension with the class action context, the Third Circuit has not expressly held Rule 68(d) inapplicable to class actions. See Weiss, 385 F.3d at 344 n.12 (noting courts have wrestled with application of Rule 68 in class action context but finding "[n]o express statement limits the application of Fed. R. Civ. P. 68 in class actions. Proposed amendments to make Rule 68 inapplicable to class actions were

---

[4] The Court is mindful that its decision is at odds with those courts that in this Circuit that have granted motions to strike offers of judgments. See Hornicek v. Cardworks Servicing, LLC, 2011 WL 1419607, at *1 (E.D. Pa. Mar. 17, 2011); Strausser v. ACB Receivables Mgmt., 2007 WL 512789, at *2-4 (E.D. Pa. Feb. 12, 2007); Zeigenfuse v. Apex Asset Mgmt., LLC, 239 F.R.D. 400, 403 (E.D. Pa. 2006). However, as discussed infra, the Court's holding satisfies the same concerns about cost-shifting that guided those decisions.

suggested in 1983 and 1984, and they were rejected both times") (quoting Marek v. Chesny, 473 U.S. 1, 35 n.49 (1985) (Brennan, J., dissenting)).

Nonetheless, in the class context, the "offeree" who is at risk of paying costs is not the named Plaintiff, individually. The rule refers to the "offeree" as the "opposing party." Fed. R. Civ. P. 68(a). In class actions, "the [opposing] party should be conceived of as the individual class; the named plaintiff and other unnamed class members should not be thought of individually as [opposing] parties." McDowall, 216 F.R.D. at 50.[5] Therefore, an offer of judgment to the named plaintiff alone "is without force." Id. "Because the adverse party to whom the defendant made the offer ceased to exist once the class came into being, the defendant did not extend its settlement proposal to the true offeree." Id. (internal citation omitted).

This rule, though couched in terms of post-certification offers of judgment, applies equally to cases where the class has not yet been certified. In the pre-certification stage, the Court must understand the proper offeree for the purpose of offers of judgment to be the putative class itself, not merely the named plaintiff. Id. The Weiss Court's adoption of the "relation back" doctrine requires this conclusion. The "relation back" doctrine recognizes that "to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as a part of an indivisible class and not merely a single adverse party even before the class certification question has been decided." Weiss, 385 F.3d at 347; McDowall, 216 F.R.D. at 50 n.4 ("The 'relation back' doctrine implicitly recognizes the necessity in certain instances to conceive of the class as a whole, not

---

[5] McDowall bases its analysis on Rule 68's previous language, which mentioned the "adverse party" instead of the "opposing party." The language change was stylistic only; no change in meaning was intended. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3001.

merely the named representative, as the plaintiff, even prior to class certification."). It follows that, as the McDowall court explained,

> if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone. If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree.

McDowall, 216 F.R.D. at 51. Moreover, the rule reconciles the friction between Rule 68 and Rule 23:

> A defendant who wishes to conclude a putative class action expeditiously may make a settlement offer to the entire putative class. If he does so, the named plaintiff will not find his fiduciary obligations to the putative class members pitted against his own self-interest. Nor will a court likely disapprove of a settlement on the basis that it is not fair to the absent class members. This result minimizes the possibility that a named plaintiff will unfairly shoulder the costs of litigation due to the court's refusal to endorse a settlement offer.

Id.

Ultimately, while the Court cannot grant Plaintiff's motion to strike the offer of judgment, there is no point in striking Defendants' offer. Defendants have only made their offer to Plaintiff, not to the entire class, so they have not directed the offer to the proper offeree. The current offer, therefore, has "no legal significance." Id. at 52.

### IV. CONCLUSION

For the reasons set forth herein, the motions to dismiss and the motion to strike are **DENIED**. An appropriate order accompanies this opinion.

**Dated: December 30, 2015**

                                              <u>*s/ Madeline Cox Arleo*</u>
                                              **MADELINE COX ARLEO**
                                              **UNITED STATES DISTRICT JUDGE**